ATTORNEY FOR APPELLANT
Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0702-CR-68

JOHN GRIER,                                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                    *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G20-0508-FC-146719
The Honorable Israel Cruz, Judge Pro Tem,
The Honorable William E. Young, Judge[1]

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0512-CR-691

**June 21, 2007**

**Dickson, Justice.**

Charged with possession of three or more grams of cocaine, a class C felony, the defen-
dant sought to suppress evidence obtained when police grabbed his throat to prevent him from
swallowing a plastic bag suspected of containing cocaine. The trial court denied his motion but
certified the ruling for interlocutory appeal. The Court of Appeals accepted jurisdiction and af-
firmed. Grier v. State, 855 N.E.2d 1043 (Ind. Ct. App. 2006). Noting that its opinion may be in

---

[1] The defendant's motion to suppress was heard and denied by Judge Pro Tem Israel Cruz. Judge William
E. Young later granted and signed the defendant's petition to certify for interlocutory appeal.

conflict with Conwell v. State, 714 N.E.2d 764 (Ind. Ct. App. 1999), we granted transfer.

On August 26, 2005, police spotted the defendant driving with an expired license plate. After directing the defendant to pull over and stop, the officer approached the vehicle and observed the defendant sweating, crying, reluctant to speak in response to questions, and gagging after being ordered out of his car. When the defendant opened his mouth on the officer's command, the officer noticed a clear plastic bag in it, covered in blood and saliva, but the defendant refused to spit it out. Suspecting that the bag contained cocaine, the officer grabbed the defendant by the throat with one hand and applied enough pressure to inhibit the defendant's ability to swallow. After about fifteen to twenty seconds, the defendant spit the bag onto the sidewalk.

The defendant contends that, by grabbing his throat, the police officer violated Indiana's constitutional prohibition declaring: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; . . ." Ind. Const. art. 1, § 11. He asserts that this police conduct likewise violated the Fourth and Fourteenth Amendments to the federal constitution and Article 1, § 15 of the Indiana Constitution. We address only the defendant's Section 11 claim, which is dispositive.

We construe Section 11 liberally in favor of protecting individuals from unreasonable intrusions on their privacy. State v. Gerschoffer, 763 N.E.2d 960, 965 (Ind. 2002). But respect must also be accorded our citizens' concerns for safety, security, and protection. Holder v. State, 847 N.E.2d 930, 940 (Ind. 2006). In assessing the reasonableness of a search or seizure under the totality of the circumstances, consideration must be given both to the interests of the individual affected and those of law enforcement. In particular, we consider: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005), *quoted in* Holder, 847 N.E.2d at 940; Trimble v. State, 842 N.E.2d. 798, 803 (Ind. 2006).

This assessment usually requires an evaluation of the specific facts and circumstances of the case. But when a Section 11 challenge is directed against police conduct in grabbing a per-

son's throat to prevent the person from swallowing suspected contraband, there are similar, common considerations relevant to the second and third factors. In such situations, a general rule may be formulated.

In Conwell, the Court of Appeals confronted a similar police chokehold case and addressed a challenge brought under the Search and Seizure Clause of the federal Fourth Amendment. The court there noted that the application of force to a person's throat invaded the person's bodily integrity, posed great health and safety risks to the detainee, and also was likely to incite violent resistance, thus presenting additional risks to the safety of both the detainee and the investigating officer(s). Conwell, 714 N.E.2d at 768. And Conwell concluded that the need of police to preserve evidence and to protect the person from harmful ingestion were relatively insubstantial, largely because the person could have been taken into custody where police could have allowed the drugs "to pass through his system" or be "absorbed into his bloodstream," permitting the evidence to have been taken "in a less harmful and violent manner." *Id*. The court held that preservation of evidence did not justify "the use of such violent and dangerous means." *Id*.[2] We would add that the danger of gagging or choking may also be alleviated by common therapeutic maneuvers that serve to expel throat obstructions.

The above analysis is particularly relevant to the second and third Litchfield factors relating to the degree of intrusion and the extent of law enforcement needs. Thus we find the general rule from Conwell, although resulting from a claim under the Fourth Amendment, is equally compelled under Section 11. The application of force to a detainee's throat to prevent swallowing of suspected contraband violates the constitutional prohibitions against unreasonable search and seizure. By grabbing the defendant's throat to prevent him from swallowing the suspected bag of drugs, the police violated this constitutional protection.

Evidence obtained as a result of an unconstitutional search must be suppressed. Adams v. State, 762 N.E.2d 737, 745-46 (Ind. 2002); Jones v. State, 655 N.E.2d 49, 54 (Ind. 1995); B-

---

[2] In the present case, the Court of Appeals sought to distinguish Conwell, noting differences in the extent of force applied by police in the two cases and citing to its "own cursory research" regarding the risk of injury from ingesting illegal drugs. Grier, 855 N.E.2d at 1047 n.2. We favor the bright-line rule expressed in Conwell.

rown v. State, 653 N.E.2d 77, 80 (Ind. 1995); Shultz v. State, 742 N.E.2d 961, 966 (Ind. Ct. App. 2001). We therefore hold that the trial court should have granted the defendant's motion to suppress evidence obtained by the application of physical force to his throat to prevent him from swallowing it.

We reverse the denial of the defendant's motion to suppress and remand to the trial court for further proceedings consistent with this opinion.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.